Rockingham, } No. 3914.
Jan. 2, 1951. }

ALFRED R. TRIS *v.* BENJAMIN F. ADAMS.

*John W. Perkins* and *Everett P. Holland* (*Mr. Perkins* orally), for the plaintiff.

*Hamblett, Griffith & Moran* (*Mr. Griffith* orally), for the defendant.

JOHNSTON, C. J. The defendant does not dispute the finding of the Master that the plaintiff had no notice of the tax sale as required by R. L., *c.* 80, *s.* 19, and the finding that there was a fatal defect in the tax sale. *Cf. Palmer* v. *Coulombe,* 95 N. H. 266.

The defense is based upon chapter 103 of the Laws 1947, which is as follows: "1. DEED. Amend chapter 80 of the Revised Laws by adding after section 33 the following new section: 33-a. INCONTESTABILITY. A tax collector's deed shall be incontestable after three years from the date of record, in regard to defects of form or procedure in the tax assessment and the tax sale upon which such deed is based; provided however, that all towns, cities and other incorporated places shall be amenable to process in the superior court for the redress of any actual injury other than those purely technical or nominal in nature resulting from the foregoing provisions. 2. TAKES EFFECT. This act shall take effect upon its passage. [Approved April 23, 1947.]"

Accordingly, the question is raised whether this statute, which shortens the period during which a tax collector's deed may be contested was intended to apply to such deeds that had been recorded more than three years before its passage. In our opinion it was not so intended. The case of *Hall* v. *Hall,* 64 N. H. 295, is in point. There the right to bring suit upon notes secured by a mortgage so long as an action could be brought upon the mortgage was limited to real estate mortgages. It was held that the narrowing of time from twenty to six years in actions involving notes secured by personal mortgages, did not destroy a right of action where the six years had already elapsed. The court decided that the new statute was not intended to apply to such rights of action. G. L., *c.* 1, *s.* 33 (now R. L., *c.* 7, *s.* 35) was cited. See also, the cases cited in the *Hall* opinion.

In *Bourque* v. *Adams*, 93 N. H. 257, a statute extending the time for a lien in favor of the town for taxes was upheld. The lien under consideration had already started to run but had not become lost. This decision was supported by *Willard* v. *Harvey*, 24 N. H. 344, where it was said on page 355: "It is wholly immaterial whether the time of limitation has already expired in part or not, provided a sufficient time remains before any claim in question becomes barred, to enable the claimant by the use of reasonable diligence to save his claim by a suit." To the same effect is *Gilman* v. *Cutts*, 23 N. H. 376.

*Decree affirmed.*

All concurred.